**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CAR TATTOOS DECALS & SPORTSWEAR, LTD.,

                        Plaintiff,

   -against-

CONTEXTLOGIC, INC.,

                       Defendant.
------------------------------------------------------------------X

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**1:17-cv-07774-LGS**

Defendant, ContextLogic, Inc., ("ContextLogic"), for its answer to the Complaint filed by Plaintiff, Car Tattoos Decals & Sportswear, Ltd. ("Plaintiff"), its affirmative defenses and counterclaim, alleges and states as follows:

### I.   JURISDICTION

1. ContextLogic admits that Plaintiff has made claims of trademark and copyright infringement in its Complaint and that the Court has subject matter jurisdiction over this dispute. Unless specifically admitted, ContextLogic denies the claims of paragraph 1 of the Complaint.

### II.   VENUE

2. ContextLogic admits that venue is proper in this district but does not admit that the dispute would not more appropriately be litigated and tried in another judicial district. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 2 of the Complaint.

### III.   THE PARTIES

3. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4.      ContextLogic admits that its principal place of business is located at 1 Sansome Street, 40th Floor, San Francisco, CA 94104.  Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 4 of the Complaint.

## V.      BACKGROUND AND FACTS

### A.      Plaintiff's Trademarks "LETHAL THREAT" and 'LETHAL ANGEL"

5.      ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6.      ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.      ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.      ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.      ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10.     ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

**B.   Defendant's usage of Plaintiff's Trademark and Graphic Designs**

15. ContextLogic denies the allegations of paragraph 15 of the Complaint.

16. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. ContextLogic denies the allegations of paragraph 17 of the Complaint.

18. ContextLogic denies the allegations of paragraph 18 of the Complaint.

**C.   Defendant's Infringement of Plaintiff's Registered Trademarks**

19. ContextLogic admits that 15 U.S.C. § 1114 provides relief defined within that section for registered trademark infringement. Unless specifically admitted ContextLogic denies the allegations of paragraph 19 of the Complaint.

20. ContextLogic denies the allegations of paragraph 20 of the Complaint.

21. ContextLogic denies the allegations of paragraph 21 of the Complaint.

22. ContextLogic denies the allegations of paragraph 22 of the Complaint.

23. ContextLogic denies the allegations of paragraph 23 of the Complaint.

24. ContextLogic denies the allegations of paragraph 24 of the Complaint.

25. ContextLogic denies the allegations of paragraph 25 of the Complaint.

26. ContextLogic denies the allegations of paragraph 26 of the Complaint.

27. ContextLogic denies the allegations of paragraph 27 of the Complaint.

28. ContextLogic denies the allegations of paragraph 28 of the Complaint.

29. ContextLogic admits that Plaintiff seeks damages but denies that Plaintiff is entitled to damages or any other relief.

30. ContextLogic admits that Plaintiff seeks treble damages and attorneys' fees but denies that Plaintiff is entitled to that relief or any other relief.

### D. Defendant's Infringement of Plaintiff's Copyrights

31. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. ContextLogic denies the allegations of paragraph 32 of the Complaint.

33. ContextLogic denies the allegations of paragraph 33 of the Complaint.

34. ContextLogic denies the allegations of paragraph 34 of the Complaint.

35. ContextLogic denies the allegations of paragraph 35 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

36.     ContextLogic incorporates by reference its responses to the allegations to paragraphs 1-35 of the Complaint as if fully set forth herein.

37.     ContextLogic denies the allegations of paragraph 37 of the Complaint.

38.     ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies the same.

39.     ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies the same.

40.     ContextLogic denies the allegations of paragraph 40 of the Complaint.

41.     ContextLogic denies the allegations of paragraph 41 of the Complaint.

42.     ContextLogic denies the allegations of paragraph 42 of the Complaint.

43.     ContextLogic denies the allegations of paragraph 43 of the Complaint.

44.     ContextLogic denies the allegations of paragraph 44 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

45.     ContextLogic incorporates by reference its responses to the allegations to paragraphs 1-44 of the Complaint as if fully set forth herein.

46.     ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47.     ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

48.     ContextLogic denies the allegations of paragraph 48 of the Complaint.

49.     ContextLogic denies the allegations of paragraph 49 of the Complaint.

50.     ContextLogic denies the allegations of paragraph 50 of the Complaint.

51.     ContextLogic denies the allegations of paragraph 51 of the Complaint.

52.     ContextLogic denies the allegations of paragraph 52 of the Complaint.

53.     ContextLogic denies the allegations of paragraph 53 of the Complaint.

54.     ContextLogic denies the allegations of paragraph 54 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, ContextLogic alleges and asserts the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses and affirmative defenses described below, and subject to its responses above, ContextLogic specifically reserves the right to allege additional affirmative defenses that become known through the course of litigation.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The uses of the phrases "lethal threat" and "lethal angel" of which Plaintiff complains are not trademark uses.

3.      The alleged violations of Plaintiff's trademarks are de minimis, nominative, and fair uses permitted under law.

4. To the extent Plaintiff's allegations of trademark infringement have merit, ContextLogic's actions were those of an innocent infringer.

5. Plaintiff cannot bring or maintain a claim of copyright infringement based on the works alleged in its Complaint because it does not hold registrations for any of those works.

6. Plaintiff's purported copyrights are invalid and unenforceable, including by reason of functionality, indefiniteness, and lack of novelty and creativity.

7. The alleged violations of Plaintiff's copyrights are de minimis, nominative, and fair uses permitted under law.

8. To the extent Plaintiff's allegations of copyright infringement have merit, ContextLogic's actions were those of an innocent infringer and Plaintiff's damages are limited under 17 U.S.C. § 504(c)(2).

9. ContextLogic is not liable to Plaintiff under 17 U.S.C. § 512.

10. Plaintiff's claims are barred by license.

11. Plaintiff's claims are barred to the extent it seeks statutory damages that are unconstitutionally excessing and disproportionate to any actual damages that may have been sustained, in violation of ContextLogic's Fifth Amendment right to Due Process.

12. Plaintiff may not recover statutory damages or attorneys' fees for infringement occurring before the effective date of registration of any of its copyrights.

13. To the extent Plaintiff has suffered any damages, such damages were not caused by ContextLogic.

14. To the extent Plaintiff has suffered any damages, such damages are barred or limited by Plaintiff's failure to timely mitigate.

15. ContextLogic is entitled to its costs and attorneys' fees for its defense of this action.

## COUNTERCLAIM

Counterclaim Plaintiff ContextLogic, Inc. ("ContextLogic"), for its counterclaim against Counterclaim Defendant, Car Tattoos Decals & Sportswear, Ltd. ("Counterclaim Defendant"), alleges as follows:

## PARTIES

1. This is an action for declaratory judgment pursuant to the copyright and trademark laws of the United States.

2. ContextLogic is a corporation incorporated under the laws of the State of Delaware with its primary place of business in San Francisco, California.

3. On information and belief, Counterclaim Defendant is a corporation incorporated under the laws of the State of New York with its principal place of business in this District.

## JURISDICTION AND VENUE

4. This counterclaim is brought under the Declaratory Judgment Act, pursuant to 28 U.S.C. §§ 2201 and 2202, seeking adjudication that any copyrights asserted against ContextLogic (collectively the "Copyrights-in-Suit") are not infringed by ContextLogic, not valid, and/or not enforceable, not the property of Counterclaim Defendant, and Counterclaim Defendant may not pursue any copyright claims because it has failed to obtain registrations of the Copyrights-in-Suit, and that ContextLogic has not infringed any trademark rights held by Counterclaim Defendant (the "Trademarks-in-Suit").

5. The Court has personal jurisdiction over Counterclaim Defendant by virtue of its having filed this action in this judicial district. The Court has jurisdiction over this counterclaim

pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the copyright and trademark laws of the United States and an actual controversy exists between the parties.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) and because Counterclaim Defendant brought the underlying action for alleged infringement of the Copyrights-in-Suit and Trademarksin-Suit by ContextLogic in this judicial district.

## ACTUAL CASE AND CONTROVERSY

7.      Counterclaim Defendant alleges that it owns all right, title, and interest in the Copyrights-in-Suit and Trademarks-in-Suit.

8.      Counterclaim Defendant alleges that ContextLogic has infringed its copyrights and trademarks. ContextLogic denies those allegations.

9.      There is a substantial, justiciable, and continuing controversy between the parties.

10.     All conditions precedent that ContextLogic may have been required to perform have been performed or have occurred.

11.     ContextLogic will be damaged by the claims against it, and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

## DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

12.     Counterclaim Defendant did not have the ability to bring, and cannot maintain, a copyright infringement claim against ContextLogic because it has not obtained registration of the Copyrights-in-Suit.

13.     ContextLogic has not, directly or indirectly, infringed the Copyrights-In-Suit.

14.     The accused images at issue in this dispute were uploaded by third-party merchants on to ContextLogic's computer system, or were generated through an automated system prompted by a system user's browsing activity.  To the extent these activities, and any other activities on the part of ContextLogic and alleged by Counterclaim Defendant, have taken

place, ContextLogic is not liable for such activities under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

15. As a result, ContextLogic requests a declaratory judgment that it has not infringed any of the Copyrights-in-Suit.

## DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT

16. ContextLogic has not, directly or indirectly, infringed the Trademarks-In-Suit.

17. The accused images at issue in this dispute were uploaded by third-party merchants on to ContextLogic's computer system, or were generated through an automated system prompted by a system user's browsing activity. To the extent these activities, and any other activities on the part of ContextLogic and alleged by Counterclaim Defendant, have taken place, ContextLogic is not liable for such activities.

18. As a result, ContextLogic requests a declaratory judgment that it has not infringed any of the Trademarks-in-Suit.

WHEREFORE, ContextLogic respectfully requests the Court:

1. Dismiss Plaintiff/Counterclaim Defendant's Complaint with prejudice such that Plaintiff/Counterclaim Defendant takes nothing;

2. Enter a declaratory judgment that ContextLogic did not infringe the copyrights in suit or the trademarks in suit;

3. Enter an order of injunctive relief against Plaintiff/Counterclaim Defendant enjoining any statements that ContextLogic is an infringer of Plaintiff/Counterclaim Defendant's intellectual property rights;

4. Enter an order that Plaintiff/Counterclaim Defendant pay to ContextLogic the costs of defending this action, including but not limited to attorneys' fees and costs allowed by governing statute, rule, and other legal authority; and

5. Award ContextLogic such other and further relief that this Court deems to be just and proper.

Respectfully submitted by this 9th day of November, 2017.

                          DEWEY PEGNO & KRAMARSKY LLP

                          /s/ David S. Pegno_____
                          David S. Pegno
                          777 Third Avenue
                          New York, NY  10017
                          Telephone:  212-943-9000
                          Email:  dpegno@dpklaw.com

                          *Attorneys for Defendant, ContextLogic, Inc.*